IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr53 |
| | ) | |
| TIFFANY N. GORDON, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

By signing below, the parties and their respective counsel agree that if this case had gone to trial, the government's evidence would have established the following facts beyond a reasonable doubt:

1. The defendant, TIFFANY N. GORDON, was a postal service employee from December 4, 2010, to December 11, 2015, and was assigned to the Norfolk Processing and Distribution Center.

2. From June 14, 2014, to December 11, 2015, GORDON was a full-time employee working as a mail processing clerk. Her duties involved setting up and feeding mail into the automated mail processing unit, among other tasks.

3. In performing her duties, GORDON came into regular contact with individual pieces of mail. The mail for which she was responsible came into her possession because it contained items that were entrusted to the care of the United States Postal Service and were intended for mailing by a mail carrier.

4. On September 1, 2015, the United States Postal Service's Office of the Inspector General (USPS-OIG) received a complaint from a customer who mailed gift cards to a family

1



member in Chesapeake, Virginia. The customer alleged that two gift cards were stolen because the customer determined that one of the cards had been used at a Target store in Chesapeake, Virginia.

5. Using records and surveillance video obtained from the Target store in Chesapeake, the agents were able to identify the person who used the stolen Target gift card as the defendant, TIFFANY N. GORDON.

6. On September 30, 2015, USPS-OIG agents observed GORDON while performing her duties at the processing center. GORDON was seen feeling and manipulating numerous pieces of mail that were among the many pieces of mail GORDON was handling and preparing to be sorted. These pieces of mail were later determined to be greeting cards. Some of the greeting cards that GORDON selected to feel were removed from the stack and set aside, while she permitted others to go to the sorter in accordance with authorized procedure. GORDON was later seen placing the greeting cards that she had set aside into her personal bag.

7. On September 30, 2015, USPS-OIG agents approached GORDON to conduct an interview. GORDON was made aware of her rights and consented to the interview.

8. During the interview, GORDON admitted to removing mail that did not belong to her from the processing center. GORDON stated that she would remove greeting cards from the mail sorting machines, put them in her personal bag, and open them later. She admitted to removing gift cards from those mail items and using the gift cards at local retailers. She estimated that she had spent approximately $3,000 in stolen gift cards. She also stated that she was sorry for her actions.

9. USPS-OIG recovered from GORDON twenty unopened mail items, two-hundred eight opened mail items, and sixty gift cards from mail items, that GORDON kept in her personal



bag, vehicle and apartment.

10. GORDON's theft of mail items dates back to at least December 2014.

11. From in or about December 2014 through September 30, 2015, in Chesapeake, in the Eastern District of Virginia, GORDON, then a postal employee, stole approximately 295 items of mail and the items contained therein, which came into her possession intended to be conveyed by mail or delivered by an agent of the United States Postal Service.

12. The items stolen by GORDON came from approximately 295 postal customers.

13. These stolen mail items contained approximately $5,164 worth of gift cards and other items, which GORDON used for her own benefit or the benefit of her family members.

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Randy Stoker
Assistant United States Attorney
Virginia State Bar No. 73455
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331 Office
757-441-3205 Fax
randy.stoker@usdoj.gov



*United States v. Tiffany N. Gordon, 2:16cr___*

I am the attorney for defendant TIFFANY N. GORDON. Her decision to enter into this factual stipulation is knowing, intelligent, and voluntary, and is made with the advice of counsel.

_____
Wilfredo Bonilla, Esq.
Defense Counsel


I agree that the United States could prove the facts to which I have stipulated beyond a reasonable doubt at a trial in this matter and that my decision to enter into this stipulation is knowing, intelligent, and voluntary.

_____
TIFFANY N. GORDON
Defendant

4