IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:16cr53 |
| ) | |
| TIFFANY N. GORDON ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S POSITION WITH REGARD TO SENTENCING

The United States of America, by and through its attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Randy Stoker, Assistant United States Attorney, offers the following with respect to sentencing. The United States agrees with the guideline calculation set forth in the Presentence Investigation Report (PSR), which shows GORDON to have a total offense level of 8 and a criminal history category of I. The government recommends a sentence at the low end of the of the guidelines with respect to incarceration or the maximum period of probation. The government also seeks full restitution for the victims.

### I. BACKGROUND

On April 6, 2016, GORDON was indicted by a grand jury in Norfolk on one count of Theft of Mail Matter by a Postal Employee, in violation of 18 U.S.C. § 1709. After her initial appearance, she was released on bond. On May 6, 2016, GORDON was arrested in Virginia Beach for Driving While Intoxicated. According to the PSR, that charge is still pending. On May 11, 2016, GORDON pled guilty to the instant offense without a plea agreement. She was found guilty and allowed to continue on bond pending sentencing.

## II. SENTENCING ARGUMENT

A. <u>Nature and Circumstances of the Offense</u>

This case originated in early September 2015 with a complaint from a postal customer who had mailed gift cards to her grandchild in Chesapeake, Virginia, that were never received. The customer followed up by contacting the retailer associated with one of the missing gift cards and was told that the card had been used. The information regarding the transaction was passed on to the United States Postal Service. The investigating agents obtained surveillance video from the retailer and then attempted to identify the individual in the video by questioning supervisors at nearby post offices and the local mail processing center. Ms. GORDON, then a mail processing clerk in Norfolk, was identified.

In late September 2015, the agents observed GORDON performing her duties at the mail processing center in Norfolk. The agents saw the defendant feel the mail with which she came in contact. GORDON was selecting what appeared to be greeting cards and manipulating them to determine whether they contained gift cards. She was observed putting some of these greeting cards into her personal bag. The agents approached Ms. GORDON and she agreed to be interviewed. In the interview, GORDON admitted to removing numerous pieces of mail that appeared to contain gift cards. She estimated that she had stolen approximately $3,000 in gift cards.

GORDON first stated that she began stealing mail in June 2015, but then later admitted that her thievery dated back to December 2014. To her credit, she informed agents that she still possessed many of the greeting cards that she had stolen and provided these cards from her car and home. Nonetheless, it is clear that this pattern of activity, which took place over nine months, likely would not have stopped had GORDON not been confronted.

While the investigation revealed that GORDON had stolen gift cards valued at more than $5,000, the monetary loss pales in comparison to the anger, disappointment, and heartache experienced by some of the victims. The nature of this crime touched an emotional nerve with these postal customers because the victim specifically targeted large, colorful envelopes that clearly contained birthday cards, thank you notes, and the like. These envelopes were also more likely to contain gift cards. The surveillance footage shows that she hand-selected these types of cards and felt them in order to determine whether they contained gift cards.

The investigating agent has identified approximately 295 victims, and as the victim impact letters point out, postal customers entrust postal workers with more than just paper and plastic cards. According to many victims, the items entrusted to individuals like Ms. GORDON were celebrations of milestones, heartfelt sentiments, and deeply personal expressions of gratitude. Unfortunately, these victims were dealt a double-blow, they were robbed of those words as well as their hard-earned money.

Numerous victim impact letters cite the loss of trust that these customers feel toward the post office and they are angered by the recent spate of mail theft crimes perpetrated by postal employees. Still others express their disappointment in both the Postal Service and the defendant herself. Many of these cards were meant to be keepsakes that potentially gain emotional value with the passage of time. The following are excerpts from some of the letters:

- "The gift cards were sent by my elderly mother-in-law who lives on social security and a small pension …. She was very upset because she couldn't afford to replace them."
- "The impact of the crime is the feeling of anger that someone feels they have the right to take something that is not theirs."
- "I was very disappointed to find out recently that [my son-in-law] never received the gift. I trusted the postal service as I have used this method of distribution of gifts as a means of convenience since I am 80+ years."

3

- "I worked approximately 100 hours in 90 degrees weather to paint and rescreen my elderly mother-in-law [sic] screened in porch as was compensated $50 for the job. This federal post office employee took the liberty to steal my compensation."

- "The struggle for most of us is living day to day, and then to have someone, without any thought as to what their actions may inflict on the need and happiness to another individual, reveals to me a very heartless and thoughtless person."

- "If at all possible I would like to have the card my brother sent me. He has passed away and that was the last greeting card he sent to me."

Agents are continuing to attempt to identify the intended recipients and the cards will be released to them as soon as permitted by agency policy. However, because many of the envelopes have been separated from the cards themselves, identifying the intended recipients has proven difficult.

B.  History and Characteristics of the Defendant

Defendant is 32 years old, has never been married, and has no children. She has a high school diploma and has some college education. She has largely been employed throughout her adult life. Her highest paying job was the post office job she held at the time of the instant offense. GORDON is in good physical condition.

The PSR states that she was evaluated for substance abuse and, while she has no serious abuse issues, the evaluators recommended she attend a 16-week substance abuse education group.

GORDON has virtually no criminal history, though she was arrested for DWI while on bond. That case is still pending in Virginia Beach General District Court. She is in criminal history category I.

C.  Unwarranted Sentencing Disparities

Under the statutory sentencing factors set forth in 18 U.S.C. § 3553, the Court is also obliged to consider the need to avoid unwarranted sentencing disparities. A review of felony

mail theft-related convictions in this Court over the past 2 years shows that GORDON's case ranks among the more egregious displays of criminal conduct. From what can be discerned from court documents, GORDON's case is on the very high end in terms of both victims and loss amount. The Court should therefore consider a sentence consistent with or higher than the cases listed below:

| Name | Case No. | Date | Count of conviction | Victims | Loss amount | Sentence |
|---|---|---|---|---|---|---|
| Corley, S. | 2:15cr25 | 7/15/15 | § 1703 | >50 | n/a | 5 yrs. of probation w/ 6 mos. home confinement |
| Burton, C. | 4:14cr81 | 7/22/15 | § 1708(2) – theft of prescription drugs | unknown | unknown | 3 yrs. probation |
| Heckstall, R. | 2:15cr65 | 10/29/15 | § 1709 | 26 | $1,877.95 | 1 day jail; 3 yrs. sup. rel. |
| Jacobs, T. | 2:16cr26 | 7/11/16 | § 1709 | 2* | $7,115.90* | 2 yrs. probation |

*This case mainly involved the theft of one package containing $7,000 in cash.

D. Other Factors to Consider

Section 3553(a) of Title 18 also states that the Court should fashion a sentence that reflects the seriousness of the offense, promotes respect for the law, and afford adequate deterrence to criminal conduct. These factors should also play a significant role in sentencing. Specifically, this is clearly a case that calls out for general deterrence. The government recognizes that most postal workers carry out their duties with professionalism, many in adverse weather conditions and environments, however, employees of the U.S. Postal Service need to know that the theft of mail will not be tolerated and those engaging in such conduct will face stiff penalties.

## IV. CONCLUSION

In sum, the government seeks full restitution on behalf of the victims and a sentence of incarceration at the low end of the guidelines or the maximum allowable period of probation.

                                            DANA J. BOENTE
                                            UNITED STATES ATTORNEY

By:       /s/
            Randy C. Stoker
            Assistant United States Attorney
            Virginia State Bar No. 73455
            Attorney for the United States
            United States Attorney's Office
            101 West Main Street, Suite 8000
            Norfolk, VA 23510
            Office Number: 757-441-6631
            Facsimile Number: 757-441-6689
            E-Mail Address: Randy.Stoker@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Wilfredo Bonilla, Jr., Esq.
150 Boush Street, Suite 403
Norfolk, VA 23510

I certify that on this 6th day of October, 2016, I caused a true and correct copy of the foregoing Government's Position Regarding Sentencing to be sent to the following:

Leah D. Greathouse
U.S. Probation Officer
600 Granby Street, Suite 200
Norfolk, Virginia 23510
Email: Leah_Greathouse@vaep.uscourts.gov

                               /s/
                               Randy Stoker
                               Assistant United States Attorney
                               Virginia State Bar No. 73455
                               Attorney for the United States
                               United States Attorney's Office
                               101 West Main Street, Suite 8000
                               Norfolk, VA 23510
                               Phone: 757-441-6331
                               Fax: 757-441-6689
                               Email: randy.stoker@usdoj.gov